5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
NOV 27 2000
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| REYNALDO COBIO CERVANTES, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-129 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

**RESPONDENT JOHNSON'S MOTION TO DISMISS PURSUANT TO
28 U.S.C. § 2244(d) WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, respondent ("Director"), by and through his attorney, the Attorney General of Texas, and files this Respondent Johnson's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) with Brief in Support. In support thereof, the Director would show the court the following:

**I.**

**JURISDICTION**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

**II.**

**DENIAL**

The Director denies every allegation of fact made by petitioner ("Cervantes"), except those supported by the record and those specifically admitted in this motion.

**III.**

**STATEMENT OF THE CASE**

The Director has lawful custody of Cervantes pursuant to a judgment and sentence of the 138th District Court of Cameron County, Texas, in cause number 92-CR-933-B, styled *The State of*

*Texas v. Reynaldo Cobio Cervantes. Ex parte Cervantes*, Application No. 73,085,[1] before remand, at 154-57. Cervantes was charged with the felony offense of felony murder, he entered a plea of not guilty, and he was tried by a jury. *Id.* at 135, 154. The jury found him guilty, and on December 10, 1992, the court assessed punishment at life imprisonment. *Id.* at 154-57. The judgment was signed on December 16, 1992. *Id.* Cervantes is challenging the validity of his holding conviction in this case. Federal petition at 3.

On July 21, 1994, the Thirteenth Court of Appeals of Texas affirmed Cervantes's conviction in an unpublished opinion. *Cervantes v. State*, No. 13-93-136-CR; a copy of the slip opinion can be found at *Ex parte Cervantes*, after remand, at 8-26. Moreover, Cervantes has filed one state application for writ of habeas corpus. He filed the state writ application in the district court on April 23, 1997. *Ex parte Cervantes*, before remand, at 1. On May 20, 1998, the Texas Court of Criminal Appeals granted relief in the form of an out-of-time petition for discretionary review. *Ex parte Cervantes*, after remand, at cover; a copy of the slip opinion is attached hereto as Exhibit A. On November 18, 1998, the Texas Court of Criminal Appeals refused Cervantes's petition for discretionary review. *Cervantes v. State*, No. 98-1420; *see* "Case Summary" printout attached hereto as Exhibit B.

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Cervantes's allegations to be as follows:

1. He was denied the effective assistance of counsel at trial and on direct appeal.

2. He was denied his right to due process because the state urged an investigator to take a false statement from a witness and the state knowingly offered perjured testimony.

---

[1] Cervantes's state writ application is also numbered 34,227-01. The Director will refer to the two parts of Cervantes's state writ application as follows: the portion of the record titled "Remand for Evidentiary Hearing" will be referred to as "before remand", and the portion titled "File and Set for Submission" will be referred to as "after remand."

2

3. No rational trier of fact could have found guilt beyond a reasonable doubt but for the use of the perjured testimony.

4. The state withheld evidence of its promise of leniency to a witness.

## V.

## STATE COURT RECORDS

The records of Cervantes's state writ application and his brief on petition for discretionary review are available for the court's inspection and will be forwarded to the court under separate cover. The records of Cervantes's direct appeal will not be forwarded to the court, unless the court so requests, because they are not necessary for the disposition of this motion.

## VI.

## EXHAUSTION

At this time, resolution of the exhaustion requirement is not necessary pending the court's resolution of the instant motion to dismiss. However, should this court deny the Director's motion to dismiss, the Director reserves the right to address whether Cervantes has exhausted his state court remedies.

## VII.

## MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 2244(d)

On April 24, 1996, the President signed amendments to the federal habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Cervantes filed the instant federal petition for writ of habeas corpus on August 10, 2000[2]; therefore, his petition is subject to review under the amendments. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997). As it relates to this motion to dismiss, the AEDPA provides that:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas

---

[2] Cervantes is represented by counsel, and thus the pro-se "filing date" of *Spotville* does not apply to this case. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a pro-se prisoner's federal petition is filed on the date it is placed in the prison mail system). Thus, the instant petition was filed on August 10, 2000. Federal petition at cover.

3

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record does not reflect that any unconstitutional "State action" impeded Cervantes from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Furthermore, Cervantes has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. 28 U.S.C. § 2244(d)(1)(D). Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Accordingly, the latest date, the date the limitations period should begin to run, is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). In this case, Cervantes's conviction became final when the time for filing a petition for writ of *certiorari* expired, ninety days after the Texas Court of Criminal Appeals refused his petition for discretionary review, on February 16, 1999.

4

SUP. CT. R. 13. Accordingly, under a strict reading of the statute, the one-year limitation period for filing a federal petition expired on February 16, 2000.

Cervantes's state writ application was filed and disposed of before his conviction became final, and thus it did not delay the commencement of the limitations period. Accordingly, Cervantes's instant federal petition, filed on August 10, 2000, was 176 days late.[3] This court, therefore, should dismiss Cervantes's petition pursuant to the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

WHEREFORE, PREMISES CONSIDERED, the Director prays that this court grant this motion, deny Cervantes any relief, and dismiss the petition with prejudice.

> Respectfully submitted,
>
> JOHN CORNYN
> Attorney General of Texas
>
> ANDY TAYLOR
> First Assistant Attorney General
>
> MICHAEL T. McCAUL
> Deputy Attorney General for
> Criminal Justice
>
> ROSS RAYBURN
> Assistant Attorney General
> Chief, Habeas Corpus Division
>
> /s/ Brooks Moore
>
> *BROOKS MOORE
> Assistant Attorney General
> State Bar No. 24010246
> Southern District Bar No. 24680

*Attorney in Charge

---

[3] Cervantes's federal petition was filed a total of 631 days after his petition for discretionary review was refused.

5

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Reynaldo Cobio Cervantes, petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

_____
BROOKS MOORE
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Brooks Moore, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this the 16th day of November, 2000, addressed to:

William Edward May, Jr.,
Attorney of Record for Reynaldo Cobio Cervantes
6000 S. Staples, Suite 404
Corpus Christi, Texas 78413

_____
BROOKS MOORE
Assistant Attorney General

# EXHIBIT A

EX PARTE REYNALDO COBIO CERVANTES

NO. 73,085

Habeas Corpus Application

from CAMERON County

## OPINION

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant convicted of the offense of murder. Punishment was assessed at life imprisonment. This conviction was affirmed, Cervantes v. State, No. 13-93-136-CR (Tex.App. - Corpus Christi, delivered July 21, 1994, no pet.).

Applicant contends that he was denied an opportunity to file a *pro se* petition for discretionary review because his appellate attorney did not timely advise him as to his right to pursue discretionary review. The trial court has entered findings of fact and conclusions of law, based on counsel's sworn statement, that Applicant was not advised of the affirmance of his conviction, he was not advised of his right to pursue discretionary review on his own, and he was denied the opportunity to file a *pro se* petition for discretionary review.

In Ex parte Wilson, 956 S.W.2d 25 (Tex.Cr.App. 1997), we held that for counsel to render effective assistance on appeal he must notify the client the case has been affirmed and that the client can pursue discretionary review on his own.

Applicant is entitled to relief. The proper remedy in a case like this is to return Applicant to the point at which he can file a petition for discretionary review. He may then follow the proper procedures in order that a meaningful petition for discretionary review may be filed. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had been rendered on the day the mandate of this Court in this cause issues. We hold that should Applicant desire to seek discretionary review, he must take

affirmative steps to see that his petition is filed in the Court of Appeals within thirty days after the mandate of this Court has issued.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.

PER CURIAM

DELIVERED: MAY 20, 1998
DO NOT PUBLISH

# EXHIBIT B

 

# COURT OF CRIMINAL APPEALS
## Case Summary

This record was last modified by the court on: 12/11/98

Home

| | |
|---|---|
| **PDR/Case Number:** | 98-1420 |
| **Date Filed:** | 9/2/98 |
| **Style:** | v. CERVANTES, REYNALDO COBIO |

| | | | |
|---|---|---|---|
| **Case Type:** | MURDER | | |
| **County:** | CAMERON | | |
| **Trial Court:** | 138TH DISTRICT COURT | **Appellate Process:** | PDR FILED - APP |
| | | **Date Filed:** | 9/2/98 |
| **Trial Court Case Number:** | 92-CR-933-B | **Date Disposed:** | 11/18/98 |
| | | **Date Mandate Issued:** | |
| **Court of Appeals Case:** | 13-93-00136-CR | | |

| | | | |
|---|---|---|---|
| **Calendar:** | CASE STORED | **Disposition Info** | |
| **Date Set:** | 12/11/98 | **Proceedings:** | |
| **Reason Set:** | APPEAL RECORD HAS BEEN RETURNED TO THE COA | **Event:** | PDR DISPOSITION |
| | | **Description:** | APPELLANT |
| | | **Disposition:** | REFUSED |

Return to the Texas Judiciary Online

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *REYNALDO COBIO CERVANTES,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-00-129 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**ORDER**

On this day came before the court for consideration Respondent Johnson's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) and the court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED, and DECREED that Respondent Johnson's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) is hereby GRANTED.

SIGNED this _____ day of _____, 200__.

_____
JUDGE PRESIDING