United States District Court
Southern District of Texas
ENTERED

JAN 12 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| REYNALDO COBIO CERVANTES, § <br> Petitioner, § <br> § <br> v. § <br> § CIVIL ACTION NO. B-00-129 <br> § <br> GARY JOHNSON, DIRECTOR, § <br> TEXAS DEPARTMENT OF CRIMINAL § <br> JUSTICE, INSTITUTIONAL DIVISION, § <br> Respondents. § | |

## MAGISTRATE'S REPORT AND RECOMMENDATION

### BACKGROUND

Pursuant to 28 U.S.C. § 2254, Petitioner, Reynaldo Cobio Cervantes, now files an *untimely* motion to vacate his conviction for felony murder.[1] A Texas state court entered Petitioner's judgment of conviction on December 16, 1992.[2] On July 21, 1994, the Texas Court of Criminal Appeals affirmed Petitioner's conviction.[3] On May 20, 1998, the Texas Court of Criminal Appeals denied Petitioner's request for state habeas corpus relief.[4] Petitioner's petition for discretionary review of this decision was denied on November 18, 1998.[5]

Therefore, Petitioner's conviction became final on February 16, 1999, ninety days after the November 18th decision when Petitioner's time for filing a petition for writ of certiorari expired. Pursuant to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of

---

[1] Pleading No. 1.

[2] *Id.* page 3.

[3] *Id.*

[4] *Supra* FN1, page 4.

[5] *Id.*

1

limitations, Petitioner had until February 16, 2000 to file his present Motion.[6] Petitioner did not file this Motion, however, until August 10, 2000.[7] Nevertheless, Petitioner now asks that this court vacate his conviction on the grounds that (1) he was denied effective assistance of counsel, (2) he was "actually innocent," (3) he was prejudiced by the prosecution's unconstitutional failure to disclose exculpatory evidence favorable to him, and (4) he was prejudiced by the perjured testimony of the prosecution's witnesses.[8]

## LEGAL PROVISIONS APPLIED

Pursuant to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations, Petitioner had until February 16, 2000 to file his present Motion.[9] Petitioner did not file this Motion, however, until August 10, 2000.[10] Accordingly, Petitioner's Motion must be dismissed as time-barred unless the record reflects that an exception to the one-year statute of limitations applies. Specifically, Petitioner's Motion could be timely if the record reflects that (1) unconstitutional state action prevented Petitioner from filing his current Motion on time, or (2) he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final, or (3) that his claims concern a constitutional right recognized by the Supreme Court within the last year that was made retroactive to all cases on collateral review.[11] Petitioner's Motion is untimely, however, because the record makes clear that none of these exceptions apply.

Moreover, because Petitioner's state writ application was disposed of before his conviction became final, that application did not delay the commencement of the limitations period. Therefore, Petitioner's Motion is more than 175 days late and must be dismissed as time-barred.

---

[6] *See* The Antiterrorism and Effective Death Penalty Act of 1996, Pub. Law No. 104-132, 110 Stat. 1214.

[7] *Supra* FN1.

[8] *Id.* page 5.

[9] *Supra* FN6.

[10] *Supra* FN1.

[11] 28 U.S.C. § 2244(b)(c) & (d).

## RECOMMENDATION

For the above-stated reasons, it is recommended that Petitioner's § 2254 Motion be dismissed as time-barred. Because Petitioner has failed to allege any facts which demonstrate that his Motion is timely, this Court may summarily dismiss Petitioner's Motion.[12] A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

DONE in Brownsville, Texas this 10th day of January, 2001.

Felix Recio
United States Magistrate Judge

---

[12] See *United States v. Smith*, 915 F.2d 959, 964-65 (5th Cir.1990).

3