13

United States District Court
Southern District of Texas
FILED

APR 2 0 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
Southern District of Texas
At Brownsville

## Case No. C. A. No. B-00-129

**REYANALDO COBIO CERVANTES,**
Petitioner,

v.

**WAYNE SCOTT,**
Executive Director of the Texas State Department of Criminal Justice
Respondent.

## APPLICATION FOR RELIEF FROM STATE CONVICTION

TO THE HONORABLE PRESIDING
UNITED STATES DISTRICT JUDGE

## MOTION FOR EQUITABLE RELIEF FROM STATUTE OF LIMITATION IN 28 U.S.C. 2254

William Edward May, Jr.
Attorney at Law
Texas State Bar No. 13271600
6000 S. Staples, Suite 100
Corpus Christi, TX 78413
Phone: (361) 994-0322
Fax: (361) 994-9285

## MOTION FOR EQUITABLE RELIEF FROM STATUTE OF LIMITATION IN 28 U.S.C. 2254

Comes now William Edward May, Jr., attorney for the movant, Reynaldo Cobio Cervantes, and asks this court to vacate its order dismissing the movant's Section 2254 Motion for Post-Conviction, *Habeas Corpus* Relief - for being time-barred. As grounds for said motion, the movant contends that he qualifies for an equitable tolling of the statutory statute of limitations relied on by the Court.

In support of said motion, the movant alleges herein, by incorporating by reference, the following:

A. His Section 2254 Motion for Post-Conviction, *Habeas Corpus* Relief, which has previously been filed in the papers of this cause.

B. His Memorandum of Law in support of this motion, which is attached hereto and incorporated herein by reference thereto.

WHEREFORE, the movant asks this Honorable Court to do the following:

1. Vacate the order dismissing the movant's Section 2254 Motion [as being time-barred].

2. Consider the merit of the movant's Section 2254 Motion.

3. Grant the relief prayed for in his Section 2254 Motion.

Respectfully submitted,

_____
Signature of Attorney

Bill May, Attorney at Law
Texas State Bar No. 13271600
6000 S. Staples, Suite 100
Corpus Christi, TX 78413
Phone: (361) 994-0322
Fax: (361) 994-9285

UNITED STATES DISTRICT COURT
Southern District of Texas
At Brownsville

# Case No. C. A. No. B-00-129

**REYANALDO COBIO CERVANTES,**
Petitioner,
v.
WAYNE SCOTT,
Executive Director of the Texas State Department of Criminal Justice
Respondent.

# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR EQUITABLE RELIEF

TO THE HONORABLE PRESIDING
UNITED STATES DISTRICT JUDGE

REGARDING MOVANT'S MOTION FOR EQUITABLE RELIEF FROM
THE STATUTE OF LIMITATION CONTAINED IN 28 U.S.C. 2254

Bill May,
Attorney at Law
Texas State Bar No. 13271600
6000 S. Staples, Suite 100
Corpus Christi, TX 78413
Phone: (361) 994-0322
Fax: (361) 994-9285

## STATEMENT OF JURISDICTION

The District Court of the Southern District of Texas has the power to grant the relief prayed for in the original Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. 2254, that grants to the United States District Courts jurisdiction to grant relief to prisoners incarcerated pursuant to state judgments - when and if an Applicant is being held in custody in violation of the Constitution or laws or treaties of the United States. The United States Code, 28 U.S.C. 2241(d), sets venue in the Southern District of Texas at Brownsville; the Applicant was convicted in Cameron County, State of Texas. This Court also has jurisdiction to vacate its own orders.

ClibPDF - www.fastio.com

## STATEMENT OF THE ISSUE

ISSUE: WHETHER THE SECTION 2254 MOTION, PREVIOUSLY FILED WAS TIME-BARRED; AND, IF IT WAS, WHETHER THIS HONORABLE COURT SHOULD EXERCISE ITS EQUITABLE POWERS AND APPLY "EQUITABLE TOLLING" TO THE ONE YEAR STATUTE OF LIMITATIONS CONTAINED WITHIN SECTION 2254.

## STATEMENT OF THE CASE

This Honorable Court has dismissed the movant's petition for habeas corpus relief from a state judgment, pursuant to Section 2254, as being time-barred by the statute of limitations contained within said statute. The movant contends that he is entitled to "equitable tolling" of the statute of limitations.

## STATEMENT OF FACTS

The movant has been confined in the Texas Department of Criminal Justice, Institutional Division, continuously since the time of his conviction and life sentence for capital murder. For most of that time, he has been without counsel and without access to a law library. The AEDPA passed and became effective after the movant's conviction, sentence, and state prison incarceration. The undersigned counsel was not retained to represent the movant in this matter until September, 1999. The movant filed his petition at his earliest equitable opportunity.

This Honorable Court has dismissed the movant's petition for habeas corpus relief from a state judgment, pursuant to Section 2254, as being time-barred by the statute of limitations contained within said statute. The movant contends that he is entitled to "equitable tolling" of the statute of limitations.

## SUMMARY OF THE ARGUMENT

THE SECTION 2254 MOTION, PREVIOUSLY FILED WAS NOT TIME-BARRED; BUT, IF IT WAS, THIS HONORABLE COURT SHOULD EXERCISE ITS EQUITABLE POWERS AND APPLY "EQUITABLE TOLLING" TO THE ONE YEAR STATUTE OF LIMITATIONS CONTAINED WITHIN SECTION 2254.

## AUTHORITIES

The leading case, dealing with the issue of "equitable tolling," and this Honorable Court's jurisdiction to grant relief, was recently handed down in *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 02/09/2000) in which the Fifth Circuit Court of Appeals stated:

> *In **Davis**, we held, as a matter of first impression, that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction. See **id**. at 807. As a statute of limitations, it could be equitably tolled, albeit only in "rare and exceptional circumstances. Id. at 811; see also **Fisher v. Johnson**, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting **Davis**, 158 F.3d at 811)). We have since provided additional insight into the types of circumstances that may be seen as rare and exceptional. **In Coleman v. Johnson**, 184 F.3d 398 (5th Cir. 1999), for example, we stated that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Id. at 402 (quoting **Rashidi v. American President Lines**, 96 F.3d 124, 128 (5th Cir. 1996)).*

In *Felder*, the district court had granted Respondent's motion to dismiss the petition as time-barred under § 2244(d). It noted that the limitations period imposed by AEDPA became effective on April 24, 1996. See 28 U.S.C. § 2244(d)(1) (1999)

[providing one-year period after state court judgment becomes final to file federal habeas petition, subject to certain exceptions]. The Felder court stated, "We have granted petitioners whose convictions became final before that effective date a one-year grace period, requiring them to file their § 2254 applications by April 24, 1997." See *Flanagan v. Johnson*, 154 F.3d 196, 200 n.2 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998) [announcing one-year grace period in context of § 2255 petitions].

Case 1:00-cv-00129   Document 13   Filed in TXSD on 04/20/2001   Page 11 of 13

11

## ARGUMENT

THE SECTION 2254 MOTION, PREVIOUSLY FILED WAS NOT TIME-BARRED; BUT, IF IT WAS, THIS HONORABLE COURT SHOULD EXERCISE ITS EQUITABLE POWERS AND APPLY "EQUITABLE TOLLING" TO THE ONE YEAR STATUTE OF LIMITATIONS CONTAINED WITHIN SECTION 2254.

Although Felder lost his attempt to have the Fifth Circuit Court of Appeals toll the statute of limitations on his otherwise time-barred petition, it is clear that the law gives this Honorable Court equitable power to grant relief on an *ad hoc* basis - when the facts justify exercise of this equitable power.

In the instant case, it seems clear that the movant should be granted equitable relief. The movant has been confined in the Texas Department of Criminal Justice, Institutional Division, continuously since the time of his conviction and life sentence for capital murder. For most of that time, he has been without counsel and without access to a law library. The AEDPA passed and became effective after the movant's conviction, sentence, and state prison incarceration. The undersigned counsel was not retained to represent the movant in this matter until September, 1999. The movant filed his petition at his earliest equitable opportunity.

## CONCLUSION

The movant is entitled to equitable tolling of the statute of limitations that is contained in Section 2254. For the reasons set forth and discussed above, the movant submits that this Honorable Court should apply equitable tolling to the relevant statute of limitations. Further, the movant contends that he was denied his Sixth Amendment right to the effective assistance of counsel, that he has established probable cause for this Honorable Court to believe his allegations, and that he is therefore entitled to an evidentiary hearing on the issue of the ineffective assistance of counsel.

The petitioner prays for a hearing on the issue of whether he was provided the effective assistance of counsel or was not. He also prays for whatever relief is deemed just, in these premises. The only effective relief would be a new trial.

Respectfully submitted,

_____
Attorney for the Applicant

Bill May,
Attorney at Law
Texas State Bar No. 13271600
6000 S. Staples, Suite 100
Corpus Christi, TX 78413
Phone: (361) 994-0322
Fax: (361) 994-9285

## CERTIFICATE OF SERVICE

I, William Edward May, Jr., Attorney at Law, certify that on this date I served a copy of the foregoing document by sending it to the District Attorney for the 138th District of Cameron County, Texas, Cameron County Courthouse, Brownsville, Texas 78520, by mailing it from a United States Post Office, by certified mail, with return receipt requested, and with postage fully prepaid on this the 18 day of April, 2001.

I further certify that a true and correct copy of the foregoing Motion has been mailed by certified mail, with return receipt requested, and with postage fully prepaid, to the State Prosecuting Attorney, PO Box 12405, Austin, Texas 78711, on the 18 day of April, 2001.

_____
Attorney at Law

Bill May,
Attorney at Law
Texas State Bar No. 13271600
6000 S. Staples, Suite 100
Corpus Christi, TX 78413
Phone: (361) 994-0322
Fax: (361) 994-9285